**MAYER•BROWN**

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

December 9, 2013

**Therese Craparo**
Direct Tel +1 212 506 2312
Direct Fax +1 212 849 5921
tcraparo@mayerbrown.com

<u>**VIA ECF, WITH COURTESY COPY BY EXPRESS MAIL**</u>

Hon. Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   <u>Moss v. BMO Harris Bank, N.A., et al.</u>
      <u>Case No. 13-cv-5438</u>

Dear Judge Bianco:

    I write to request a pre-motion conference concerning four motions that BMO Harris, N.A. ("BMO Harris") intends to file: (1) a Rule 21 motion to dismiss or sever plaintiff's claims against the other defendants; (2) a motion under 28 U.S.C. § 1404(a) to transfer plaintiff's case against BMO Harris to the Northern District of New York, where a related action is pending; (3) a motion to compel arbitration; and (4) a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim. These four motions are interrelated. If the Court grants the motions to dismiss or sever and to transfer this case, the Court will not need to reach the remaining two motions. By contrast, if the Court retains plaintiff's case against BMO Harris, BMO Harris would then respectfully ask that the Court first address the motion to compel arbitration. BMO Harris's Rule 12(b)(6) motion to dismiss is submitted in the alternative.

**Background**

    This case is one of ten nearly identical putative class actions that have been filed in ten separate district courts against BMO Harris, all by the same plaintiffs' counsel. In each case, the plaintiffs allege that they purportedly obtained "usurious" loans from online lenders. Instead of suing those lenders, the plaintiffs sued BMO Harris (and other banks) for processing electronic payments between the plaintiffs and their lenders on the ACH network. Seeking damages and injunctive relief, plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and various state-law causes of action.

**Rule 21 Motion To Dismiss Or Sever**

    BMO Harris intends to move to dismiss or sever the claims against defendants First Premier Bank and Bay Cities Bank pursuant to Rule 21. Plaintiff Deborah Moss ("Moss") seeks relief for three separate loans with two different lenders: (1) a June 17, 2010 loan from SFS, Inc.; (2) an October 15, 2010 loan from SFS, Inc.; and (3) a May 8, 2013 loan from Lenders

International, CCI. She alleges that BMO Harris processed a payment related to her third loan from Lenders International in 2013, while First Premier Bank and Bay Cites Bank allegedly processed payments related to her other loans in 2010 from SFS, Inc. *See* Compl. ¶¶ 76-86.

Moss fails to meet Rule 20(a)(2)(A)'s requirements for joining multiple defendants in a single action. First, Moss does not assert any right to relief against the defendants jointly, severally, or in the alternative. To the contrary, she seeks damages against each defendant only for the transactions it processed. *See* Compl. pp. 59-61. Second, the discrete loan transactions at issue do not involve the same transaction or occurrence or series of transactions or occurrences. *See, e.g., Abraham v. Am. Home Mortg. Servicing, Inc.*, 2013 WL 2285205, at *4 (E.D.N.Y. May 23, 2013). Moss does not allege any purported concerted action among the defendants that could potentially connect these otherwise unrelated loans.

### 28 U.S.C. § 1404(a) Motion To Transfer

Along with its Rule 21 motion to dismiss or sever, BMO Harris intends to move to transfer Moss's case against BMO Harris to the Northern District of New York "in the interest of justice" and "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). That case is further along than this one because BMO Harris's dispositive motions are already on file. Moreover, BMO Harris is filing similar transfer motions in the other eight districts where related cases are pending (D. Conn., N.D. Ga., M.D.N.C., E.D. Pa., D. Md., S.D. Fla., N.D. Ill., and D.D.C.) so that all of the cases can be sent to a single district for coordinated resolution.

Moss could have brought this suit in the Northern District of New York under 28 U.S.C. §§ 1391(b)(1) and (c)(2) because she (like the plaintiff in the Northern District case) alleges that BMO Harris would be subject to personal jurisdiction there. *See, e.g.,* Compl. ¶¶ 19-20. The applicable public and private interest factors likewise support transfer. Litigating the same issues in ten courts would waste party and judicial resources and create the potential for inconsistent judgments. The complaint in this case is taken verbatim from the complaint in the Northern District of New York case: the plaintiffs purport to represent the same putative class and sub-class of borrowers, make the same factual allegations, assert the exact same causes of action, and seek the same equitable and other monetary relief.

### Motion To Compel Arbitration

BMO Harris also intends to move to compel arbitration of the claims against it and to stay further litigation of those claims pending the outcome of arbitration. 9 U.S.C. § 3. In her complaint, Moss neglects to mention that the challenged loan agreement requires her to resolve any dispute relating to the loan in arbitration on an individual basis rather than in a class action in court. The Federal Arbitration Act, 9 U.S.C. §§ 1-16, requires her to honor that commitment.

Moss cannot sidestep arbitration by omitting her lender from the complaint and instead suing BMO Harris. Her claims against BMO Harris are wholly intertwined with and dependent upon the terms of her loan and the alleged actions of her lender. Moreover, the loan agreement

expressly contemplates BMO Harris's role in processing payments between Moss and her lender via the ACH network. Accordingly, the doctrines of equitable estoppel and third-party beneficiaries entitle BMO Harris to invoke the arbitration clauses in Moss's loan agreement.

**Rule 12(b)(6) Motion To Dismiss**

Moss's principal claim is that BMO Harris purportedly violated RICO, 18 U.S.C. § 1962(c), by allegedly "participat[ing] in the collection" of unlawful debts. Compl. ¶ 104. But that is not what RICO says. The complaint falls far short of stating a plausible claim that BMO Harris "conduct[s] or participate[s], directly or indirectly, in the conduct of [an] enterprise's affairs through . . . collection of unlawful debt." 18 U.S.C. § 1962(c). First, Moss has failed to allege—as she must—that the ACH network is an enterprise in the business of making usurious loans. *See Durante Bros. & Sons v. Flushing Nat. Bank*, 755 F.2d 239, 250 (2d Cir. 1985). Nor has she identified any other viable RICO enterprise. Second, Moss has not pled that BMO Harris directed the affairs of the ACH network through collection of unlawful debt. Third, Moss has not alleged that BMO Harris actually "collect[ed]" unlawful debt, as opposed to merely transferring money *within* the ACH network. *See United States v. Giovanelli*, 945 F.2d 479, 490 (2d Cir. 1991). Fourth, Moss has not alleged that BMO Harris knew of her lenders' alleged misconduct. Although the complaint includes generic and conclusory industry-wide allegations, it is silent about any knowledge concerning Lenders International or Moss's transactions. And because Moss fails to state a substantive RICO claim, her RICO conspiracy claim fails as well.

Moss also fails to state plausible state-law claims. She does not have standing to enforce New York's criminal usury laws. As discussed above, Moss also does not adequately allege that BMO Harris *knowingly* aided and abetted violations of New York's civil and criminal usury laws by Lenders International. Moss cannot recover her loan payments from BMO Harris under an assumpsit theory because BMO Harris did not retain or directly benefit from those funds in the first place. BMO Harris was not unjustly enriched through the receipt of transaction fees for processing ACH transactions because Moss does not allege that she paid any fees or that she had any actual relationship with BMO Harris. Finally, Moss has no claim under New York GBL § 349 because she has not identified any material misrepresentation by BMO Harris. To the contrary, Moss's loan agreement with Lenders International fully disclosed that loan payments would be debited via the ACH network.

We thank the Court for its consideration and look forward to discussing these motions further at a pre-motion conference.

Sincerely,

*/s/ Therese Craparo*

Therese Craparo

cc:   Counsel of Record (*via ECF and express mail*)

## CERTIFICATE OF SERVICE

I certify that on this 9th Day of December, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of the filing to the attorneys on that system. Hard copy courtesy copies were also sent via express mail to the following:

Darren T. Kaplan
CHITWOOD HARLEY HARNES LLP
1350 Broadway
Suite 908
New York, NY 10018
917-595-4600
Fax: 404-876-4476
dkaplan@chitwoodlaw.com

Jeffrey Ostrow
KOPELOWITZ OSTROW P.A.
200 Sw 1st Avenue
Suite 1200
Fort Lauderdale, FL 33301
954-525-4100
Fax: 954-525-4300
ostrow@kolawyers.com

Norman Siegel
Stephen N. Six
STUEVE SIEGEL HANSON LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112
816-714-7100
Fax: 816-714-7101
siegel@stuevesiegel.com
six@stuevesiegel.com

*Attorneys for Plaintiff Deborah Moss*

David Todd Feuerstein
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
212-592-5927
Fax: 212-545-3477
dfeuerstein@herrick.com

*Attorney for First Premier Bank*

Courtney Janae Peterson
BRYAN CAVE LLP
1290 Avenue Of The Americas
New York, NY 10104
212-541-2000
Fax: 212-541-1487
courtney.peterson@bryancave.com

*Attorney for Bay Cities Bank*

Therese Craparo
MAYER BROWN LLP