

Courtney J. Peterson
Direct: 212/541-3187
Fax: 212/541-1487
courtney.peterson@bryancave.com

December 13, 2013

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

**FILED BY ECF, WITH A COURTESY COPY BY MAIL**

Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Moss v. BMO Harris Bank, N.A.*, Case No. 2:13-cv-05438-JFB-GRB

Dear Judge Bianco:

Bryan Cave represents defendant Bay Cities Bank ("Bay Cities") in this matter. We write in accord with Your Honor's Individual Rules of Practice, to request a pre-motion conference with respect to two motions which Bay Cities intends to file in this matter: (1) a motion to compel arbitration and stay litigation and, in the alternative, (2) a motion pursuant to F.R.C.P. 12(b)(6)-(7) and 19 to dismiss the claims asserted by plaintiff Deborah Moss ("Plaintiff") against Bay Cities for failure to state a cause of action. As a pre-motion conference has already been scheduled for December 16, 2013 in this matter with respect to the motions intended to be filed by co-defendant, BMO Harris, N.A., we respectfully request that Bay Cities' pre-motion conference be heard on that day as well.

Plaintiff commenced this action, on behalf of herself and a class of plaintiffs, against Bay Cities and co-defendant banks in relation to three loans that she obtained from online lenders who are not named as defendants in this action. With respect to Bay Cities, Plaintiff has asserted eight claims in relation to a $400 loan which she applied for and obtained from her lender SFS, Inc., operating under the domain name of www.oneclickcash.com ("SFS"). Plaintiff's claims all stem from the allegations that her loan with SFS was unlawful and that Bay Cities is liable to her because it electronically processed a payment on the loan.

Bryan Cave Offices
Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Bryan Cave
International Consulting
A TRADE AND CUSTOMS CONSULTANCY
www.bryancaveconsulting.com
Bangkok
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Motion to Compel Arbitration

Pursuant to the Federal Arbitration Action, 9 U.S.C. §§ 1-16, Bay Cities seeks an order compelling Plaintiff to arbitrate each of her claims against Bay Cities and staying litigation pending arbitration. Each of Plaintiff's claims against Bay Cities is subject to arbitration pursuant to the broad arbitration provision which Plaintiff agreed to with SFS. In her loan agreement with SFS, Plaintiff agreed that "any and all claims, disputes or controversies…regarding this loan…shall be resolved by binding

individual (not class) arbitration." Plaintiff is estopped from denying that her claims are subject to arbitration, as her claims against Bay Cities arise under the subject matter of her loan agreement and because Plaintiff, herself, has alleged that Bay Cities and SFS have a "close relationship." *See Ragone v. Atl. Video*, 07 Civ. 6084 (JGK), 2008 WL 4058480 (S.D.N.Y. Aug. 29, 2008); *see also Chase Mortg. Company-West v. Bankers Trust Co.*, 2011 U.S. Dist. LEXIS 6683 *4-6 (S.D.N.Y. May 18, 2001).

Moreover, where, as here, the loan agreement expressly states that "[t]his agreement to arbitrate all disputes shall apply no matter by whom or against whom the claim is filed," Bay Cities is a third party beneficiary of the loan agreement with SFS, and, accordingly, it is entitled to invoke the arbitration provision.

Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)-(7) and 19

Plaintiff's complaint should be dismissed for two independent and equally strong reasons. First, Plaintiff has failed to join SFS as a defendant in this action. Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a plaintiff's failure to join a party required under Rule 19 is a proper basis for dismissal. Under Rule 19, SFS is an indispensable party. Plaintiff's entire complaint depends upon her initial premise that her loan contract with SFS is illegal and unenforceable. For Plaintiff to prevail on any of her claims, a court will necessarily have to determine, at a minimum, that the underlying loan contract with SFS was illegal. Many courts have held that when a contract's validity and interpretation are at issue, the parties to the contract are indispensable. *See Kermanshah v. Kermanshah*, 2010 WL 1904315, at *3 (S.D.N.Y. May 11, 2010) ("It is well established that a party to a contract which is the subject of litigation is considered a necessary party."); see also *Missouri River Hist. Dev., Inc. v. Penn Nat'l Gaming, Inc.*, 283 F.R.D. 501 (N.D. Iowa 2012) (holding that contracting party was necessary and indispensable where "a judicial decision would impair or impede its ability to protect its interests" under the contract). Yet SFS cannot be joined because it is presumptively immune from suit and/or because any claim brought against it is plainly subject to an arbitration agreement, as discussed above.

Second, each of Plaintiff's claims fails to state a plausible claim upon which relief may be granted, and, accordingly, each must be dismissed pursuant to Rule 12(b)(6). A complaint must plead "sufficient facts to state a claim to relief that is plausible on its face." *Lacertosa v. Blackman Plumbing Supply Co., Inc.*, 2013 WL 3728803, at *4 (E.D.N.Y. Jul. 12, 2013) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). Here, Plaintiff's RICO claims must fail because she fails to adequately allege: (i) the existence of a relevant enterprise, (ii) that Bay Cities participated in the management and control of any such enterprise, (iii) that its ministerial activities constituted the collection of an unlawful debt, or (iv) that it had the requisite knowledge to be liable under RICO. 18 U.S.C. § 1962(c); *See Feirstein v. Nanbar Realty Corp.*, 963 F. Supp. 254, 257 (S.D.N.Y. 1997).

Plaintiff also asserts a hodgepodge of state law claims which fail as a matter of law for a variety of reasons. Among them, Plaintiff cannot pursue a claim against Bay Cities under New York's criminal usury statute because the statute does not provide a private right of action. *See American Express Co. v. Brown*, 392 F.Supp. 235, 237-38 (S.D.N.Y. 1975). With respect to Plaintiff's claim of aiding and abetting civil usury, even assuming such a claim exists, Plaintiff has not alleged sufficient knowledge

by Bay Cities to support an aiding and abetting claim. *See Kirschner v. Bennett*, 648 F.Supp.2d 525, 533 (S.D.N.Y. 2009). Plaintiff's claim that Bay Cities violated New York GBL § 349 fails because she points to no material misrepresentation or other deceptive practice by Bay Cities. *See Jones v. Bank of America Nat'l Assn.*, 97 A.D.3d 639, 640 (2012). Plaintiff also cannot recover money from Bay Cities on either a theory of assumpsit or unjust enrichment because she has not alleged that she conferred a benefit on Bay Cities. For all of these reasons, the Complaint should be dismissed.

We thank the Court in advance for its attention to this matter.

Respectfully,

*/s/ Courtney J. Peterson*
Courtney J. Peterson

cc: *all counsel of record* (via ECF)

1767145