UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEBORAH MOSS, on Behalf of Herself and All Others Similarly Situated,

   Plaintiffs,

   vs.

FIRST PREMIER BANK, a South Dakota Chartered Bank,

   Defendant.

Civil Action No. 2:13-CV-05438-JFB-GRB

**CONFIDENTIALITY ORDER**

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)   The following documents and information may be designated as "confidential" provided such documents are not public [check all that apply]:

   X   Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

   X Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

   X Sensitive Regulatory Documents, if any, such as nonpublic communications with regulatory authorities.

   X Medical and Legal Records, including medical files and reports.

   __ Non-public criminal history.

(b)   If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c)   An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

        If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

        At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d)    Documents designated "confidential" shall be shown only to the attorneys of record, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidential designation. The parties, and any third parties who are shown confidential documents consistent with this Order, agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation and shall not be used for any commercial or competitive purposes.

(e)    Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f)    The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this order.

(g)    If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) If any court filing incorporates confidential material or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set for the substance of such confidential information, unless independent good cause is shown.

(i) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(j) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(k) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

(l) To the extent not redacted, "nonpublic personal information" and "personally identifiable information," as defined under 12 C.F.R. § 332.3, 16 C.F.R. § 313.3, and the regulations related thereto ("Consumer Financial Privacy Laws") that can be traced to a Consumer (as defined in Consumer Financial Privacy Laws), may be produced, subject to the condition that such information so produced may be disclosed, if at all, only to (i) counsel of either party, (ii) the Court and its staff, (iii) outside consultants and expert witnesses for either party provided they are shown a copy of this Order and agree to comply with section (d) above, (iv) persons who are the subject of the data, documents, and/or information disclosed, (iv) individuals designated by the producing party as its Fed. R. Civ. P. 30(b)(6) witness(es); and (v) individuals approved by this Court upon motion of either Party.

(m) The inadvertent production of any protected items of information, or items or information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity available under the law, the Federal Rules of Civil Procedure, or the local rules, shall be without prejudice to any claims that the items or information are privileged or protected, as the case may be, and shall not constitute a waiver of any privilege or protection that may otherwise attach thereto. Such production shall not be deemed a general waiver of such privilege or protection. Upon demand of the producing Party, within thirty (30) days of its discovery of such inadvertent production, all copies of any inadvertently produced items or information shall be returned immediately. Further, the voluntary production of privileged or protected items or information in itself is not a waiver of the privilege or protection, as the case may be, with respect to other privileged or protected items or information relating to the same subject matter.

Dated:  November 22, 2017 	 Counsel for Plaintiff

/s/ Darren T. Kaplan

Dated: November 22, 2017 	 Counsel for Defendant

/s/ Bryan R. Freeman

Dated: 	 _____

United States Magistrate Judge