

Bryan Freeman
Direct Dial: (612) 672-8375
bryan.freeman@maslon.com

May 9, 2018

**VIA ECF**

Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re: *Moss v. First Premier Bank*, No. 13-cv-5438 (E.D.N.Y.)

Dear Judge Brown:

I am counsel for Defendant First PREMIER Bank, and I write in follow-up to the conference held with the Court on March 1, 2018. At that conference, the Court denied, without prejudice, Plaintiff Deborah Moss's motion to compel discovery (Doc. 145). The Court did not rule on First PREMIER's motion to limit and bifurcate discovery (Doc. 147) and encouraged the parties to try to work out their disputes. Since then, First PREMIER has produced 4,812 pages, which are in addition to the 9,621 pages previously produced. First PREMIER also explained in detail why a fulsome ESI collection going to the merits of Ms. Moss's putative class-action claims prior to any class-certification decision is unduly burdensome, disproportionate and unwarranted given the minimal potential value of case even assuming the case could be certified and even assuming Ms. Moss could establish liability.

First PREMIER also requested that Ms. Moss agree to a prompt deadline for class-certification motion practice, highlighting that (i) it has now been more than ten months since the Court dismissed Ms. Moss's claims, with the exception of the unjust-enrichment claim, and (ii) the initial deadline Ms. Moss herself proposed for a class-certification motion was March 16, 2018. (Doc. 139.) In response, Ms. Moss has declined to agree to any such deadline. First PREMIER respectfully requests that the Court set a deadline for class-certification motion practice of May 31, 2018.

First PREMIER further advises the Court that it intends to file a pre-motion conference letter with Judge Bianco with respect to its planned motion for a determination that a class may not be certified in this case and motion for summary judgment, which will be based, in part, on the fact that Ms. Moss's claims are barred by the applicable statute of limitations. *See, e.g., Shak v. JPMorgan Chase & Co.*, 156 F. Supp. 3d 462, 479 (S.D.N.Y. 2016) (recognizing that the statute of limitations for a New York unjust-enrichment claim is three years where plaintiff seeks monetary damages and even shorter where the claim is "incidental or duplicative of another claim with a shorter limitations period"). Here, the alleged debit of June 29, 2010 and any other debits of Ms. Moss's account took place more than three years before Ms. Moss filed her lawsuit on September 30, 2013.

Page 2
May 9, 2018

Sincerely,

Bryan Freeman

4825-0750-6277, v. 1