

2727 Paces Ferry Road SE
One Paces West, Suite 750
Atlanta, Georgia 30339
_____

1359 Broadway, Suite 2001
New York, New York 10018
_____

**Darren T. Kaplan**
404.537.3300, ext. 101
212.999.7370, ext. 101
404.537.3320 (fa)
dkaplan@kaplangore.com
*Admitted in CT, GA and NY*

<u>**VIA ECF**</u>

May 1, 2019

Hon. Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza P.O. Box 9014
Central Islip, NY 11722-9014

Re.:    *Moss v. BMO Harris Bank, N.A., et al.*, Case No. 13-cv-5438

Dear Magistrate Judge Brown:

I am an attorney for Plaintiff Deborah Moss ("Moss") in the above-captioned matter and I write in response to Defendant First Premier's ("First Premier's) letter of April 30, 2019. Moss (1) joins in First Premier's request for entry of a scheduling order setting pre-trial deadlines; (2) opposes Defendant's now-third written request that discovery be "bifurcated;" and (3) opposes First Premier's application to be permitted to brief its request for bifurcation "beyond the three-page letter-briefing limits in L.R. 37.3." In addition, Moss requests: (A) that this Court order discovery reopened insofar as the parties stipulated to stay discovery until after Plaintiff's motion for leave to file a Third Amended Complaint was decided and (B) that First Premier be compelled to respond to all outstanding discovery propounded prior to the stay being entered.

**Procedural Status**

On March 28, 2019, the Court granted Plaintiff's motion for leave to file a Third Amended Complaint ("TAC"), which alleges a RICO conspiracy between First Premier and a group of illegal payday lending entities that were the subject of multiple criminal and civil actions by state and federal enforcement agencies. (Doc. 173) While First Premier seeks to minimize the impact of Judge Bianco's ruling, Plaintiff was able to plausibly allege (based almost entirely on documents Plaintiff compelled First Premier to produce in discovery) First Premier's "knowledge of the payday loan debits as well as its  participation in the racketeering activity through the processing of the ACH debits and the general contours of the RICO conspiracy that are alleged, and the agreement to participate in that conspiracy."(Transcript of Decision, p. 11, lines 15-24) (Doc. 178) Accordingly, this case is now a putative class action in which First Premier is plausibly alleged, under the rigorous standards of *Iqbal* and *Twombly*, to

Hon. Gary R. Brown
May 2, 2019
Page 2

be a conspirator in a $1.3 billion RICO conspiracy.[1] This change in circumstance should, of course, animate this Court's decisions regarding discovery going forward.

**Relief Sought**

Preliminarily, the Court should order discovery reopened as discovery is currently stayed by stipulation on the record. (Doc. 157) The Court should also order First Premier to comply with all outstanding discovery without regard to purported "burden and expense" or that the discovery is "grossly disproportionate" to the value of the putative class's claim as First Premier has previously argued. The sustained allegations in the TAC raise the value of the putative class's claim to well in excess of $100 million before trebling so First Premier's claimed cost of production pales in comparison. In previous correspondence, First Premier's counsel has represented that First Premier is in possession of "more than 1,000,000 pages" of ESI documents that are potentially responsive to the discovery that was ordered by this Court. Those documents should be produced to Plaintiff's counsel immediately.

*Issuance of Scheduling Order.* Plaintiff joins in First Premier's request that the Court issue a written scheduling order under Fed. R. Civ. P. 16(b), at least through the determination of a motion for class certification, which Plaintiff agrees should be the next procedural step in this matter. Plaintiff estimates that she will require 180 days to complete class certification discovery.

*Bifurcation of Discovery.* First Premier's letter returns to its favored method of obfuscation by seeking a "bifurcation" of discovery whereby seemingly every issue will immediately be subject to discovery *other* than First Premier's liability. The Court should reject this transparent attempt to hide the ball. "To meet the predominance requirement of Rule 23(b)(3) -- i.e., that 'questions of law or fact common to  the members of the class predominate over any questions affecting only individual members,' Fed. R. Civ. P. 23 -- a plaintiff must show that those issues in the proposed action that are subject to generalized proof outweigh those issues that are subject to individualized proof. *Heerwagen v. Clear Channel Commun's.*, 435 F.3d 219, 226 (2d Cir. 2006). The legal and factual questions in this case that most obviously "predominate over any individualized questions," are questions related to First Premier's liability to the putative class—to wit, First Premier's "knowledge of the payday loan debits as well as its participation in the racketeering activity through the processing of the ACH debits and the general contours of the RICO conspiracy that are alleged, and the agreement to participate in that conspiracy."

It is well settled that, in situations where the common factual and legal issues are those relating to liability, "[c]omplying with Rule 23(b)(3)'s predominance requirement cannot be shown by less than a preponderance of the evidence." *Heerwagen*, 435 F.3d at 233. The Second Circuit holds that such a showing necessarily requires discovery on liability even though a full determination of

---

[1] In October 2016, the FTC obtained a judgment against these same illegal payday lending entities in the amount of $1.3 billion. *See FTC v. AMG Services, Inc.*, Case No. 2:12-cv-00536 (D. Nev.).

KAPLAN GORE
LLP

Hon. Gary R. Brown
May 2, 2019
Page 3

the merits in the course of class certification would be improper. "In making a certification decision, a judge must look somewhere 'between the pleading *and the fruits of discovery*.... Enough must be laid bare to let the judge survey the factual scene on a kind of sketchy relief map, leaving for later view the myriad of details that cover the terrain.'" *Id.* at 231 (emphasis added) (quoting *Sirota v. Solitron Devices, Corp.*, 673 F.2d 566, 571-72 (2d Cir. 1982)). Accordingly, First Premier's request to "bifurcate" discovery should be denied.

The remainder of First Premier's letter veers sharply away from the subject at hand, devoting almost two full pages to spurious attacks on: (1) Plaintiff and her standing to bring her claim; (2) Plaintiff's counsel's "adequacy;" (3) the ability to certify the putative class; and (4) Plaintiff's counsel's purported "delay" in not seeking class certification discovery. While these issues are seemingly irrelevant to questions of the order and scope of future discovery, Plaintiff has no objection to First Premier taking discovery on these matters so long as Plaintiff's permissible discovery allows her to fully prepare her class certification motion to meet the requirements for certification in this Circuit. Following such discovery, Plaintiff and her attorneys will be pleased to address First Premier's litany of "concerns" should this Court deem it appropriate.

*Request to Brief Bifurcation Motion*. Plaintiff's counsel has lost track of the number of times that First Premier's counsel has argued for "bifurcation" of discovery in this matter. Suffice it to say, that all the arguments for bifurcation have been heard and passed on by this Court on multiple occasions, and there is no reason to devote even more of the parties' and the Court's resources to First Premier's pet issue. Plaintiff does however respectfully request that this Court decide the bifurcation question now in order to avoid another round of motions to compel occasioned by First Premier's refusal to produce discoverable material it unilaterally determines to be "merits-related."

Plaintiff respectfully thanks the Court for its time and attention to this significant case.

Sincerely,

By  *s/ Darren T. Kaplan*
      Darren T. Kaplan, Kaplan Gore LLP

cc:      All Counsel of Record (via ECF)