

2727 Paces Ferry Road SE
One Paces West, Suite 750
Atlanta, Georgia 30339

1359 Broadway, Suite 2001
New York, New York 10018

**Darren T. Kaplan**
404.537.3300, ext. 101
212.999.7370, ext. 101
404.537.3320 (fax)
dkaplan@kaplangore.com
*Admitted in CT, GA and NY*

**VIA ECF**

June 11, 2019

Hon. Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza P.O. Box 9014
Central Islip, NY 11722-9014

Re.:   *Moss v. BMO Harris Bank, N.A., et al.*, Case No. 13-cv-5438

Dear Magistrate Judge Brown:

I represent Plaintiff Deborah Moss ("Moss") in the above-captioned matter and I write along with Bryan Freeman, attorney for Defendant First PREMIER Bank ("First Premier"), to jointly request that the Court: (i) resolve First Premier's request for bifurcation of discovery; and (ii) enter a scheduling order pursuant to Rule 16(b). The parties continue to dispute: (a) whether First Premier should be allowed to brief its motion for bifurcation; and (b) whether the stay of discovery should be lifted right away or, instead, after the bifurcation issue is resolved and a scheduling order issued.

**The Parties' Meet and Confer Sessions**

Prior to this application, the parties met and conferred on April 26, 2019 (before the latest round of applications) and most recently on May 5, 2019. The parties cooperated in good faith but could not resolve their differences.

**Procedural Status**

On March 28, 2019, the Court granted Plaintiff's motion for leave to file a Third Amended Complaint ("TAC"), which alleges a RICO conspiracy between First Premier and a group of payday lending entities. (Doc. 173) Accordingly, Plaintiff contends that this case is now a putative class action involving thousands of potential class members and as much as a hundred million dollars in potential damages, trebled. On June 11, 2019, Judge Edward R. Korman vacated the stay of discovery. (Doc. 185)

**Relief Sought & Positions of the Parties**

*Issuance of Scheduling Order.* The parties agree that the Court should issue

Hon. Gary R. Brown
June 11, 2019
Page 2

a written scheduling order under Fed. R. Civ. P. 16(b), at least through the determination of a motion for class certification. Plaintiff requests 180 days to complete class certification discovery. First Premier's position is that an appropriate schedule will depend on whether discovery is bifurcated, and after that decision the parties should promptly confer on an appropriate schedule. With respect to Plaintiff's request for six months to complete class-certification discovery, First Premier believes the timeline should be no more than four months. Plaintiff has already had nine months to pursue class-certification discovery. The schedule should also include an expert discovery process because Plaintiff will be required to offer expert testimony as part of any class-certification motion.

*Issue of Bifurcation of Discovery*. The parties have met and conferred multiple times on this issue and previously sought this Court's intervention and cannot resolve whether discovery should be "bifurcated." The parties agree that it would be almost impossible to proceed with the bifurcation issue unresolved and, thus, the parties respectfully request that the Court resolve this issue now.

Plaintiff does not agree with a "bifurcation" of discovery whereby seemingly every issue will immediately be subject to discovery *other* than First Premier's liability. The legal and factual questions in this case that most obviously "predominate over any individualized questions," are questions related to First Premier's liability to the putative class. It is well settled that, in situations where the common factual and legal issues are those relating to liability, "[c]omplying with Rule 23(b)(3)'s predominance requirement cannot be shown by less than a preponderance of the evidence." *Heerwagen v. Clear Channel Commun's*., 435 F.3d 219, 223 (2d Cir. 2006). The Second Circuit holds that such a showing necessarily requires discovery on liability even though a full determination of the merits in the course of class certification would be improper. "In making a certification decision, a judge must look somewhere 'between the pleading *and the fruits of discovery*. . .. Enough must be laid bare to let the judge survey the factual scene on a kind of sketchy relief map, leaving for later view the myriad of details that cover the terrain.'" *Id.* at 231 (emphasis added) (quoting *Sirota v. Solitron Devices, Corp.*, 673 F.2d 566, 571-72 (2d Cir. 1982)). Accordingly, First Premier's request to "bifurcate" discovery should be denied.

First Premier's position is that discovery should be bifurcated in the interest of efficiency and so that important threshold issues can be determined before more resources are spent on this case. At least two primary threshold issues counsel in favor of a limited first phase of discovery. First, Ms. Moss's loan application and agreement both include a class-action waiver, stating in part: "**Agreement Not To Bring, Join Or Participate In Class Actions:** To the extent permitted by law, by…electronically signing you agree that you will not bring, join or participate in any class action as to any claim, dispute or controversy you may have against us or our agents, servicers, directors, officers and employees. You agree to injunctive relief to stop such a lawsuit or to remove you as a participant in the suit." The "independent agreement" is separate from Ms. Moss's arbitration agreement, and the Court has held that First Premier, a non-signatory, can enforce Ms. Moss's agreements in her loan application and agreement. (Doc. 91.) Moreover, the class-action waiver is fully enforceable. *U1IT4Less, Inc. v. Fedex Corp.*, No. 11-cv-1713, 2015 WL 3916247


Hon. Gary R. Brown
June 11, 2019
Page 3

(S.D.N.Y. June 25, 2015). This precludes class certification as a matter of law and, at a minimum, will present the kind of individualized questions making class-certification improper.

Second, First Premier believes Ms. Moss's case may be moot based on the $1,235 she received from the FTC. (The TAC alleges Ms. Moss took a $350 loan and was debited $820.) If at any point, Ms. Moss ceased to have a live case or controversy, the Court lacks subject-jurisdiction and dismissal is required.[1] First Premier needs focused discovery to obtain the information and documents from Ms. Moss as to the nature and amount of money she has received from third-parties, and depending on what that discovery yields, intends to promptly move for relief on both issues at once. If First Premier is right that Ms. Moss has waived the ability to bring and participate in "any class action," and/or that the Court lacks subject-matter jurisdiction, this case will quickly end and all of the discovery Ms. Moss seeks to conduct will be a waste.

Plaintiff's position in response to the foregoing is that the "class action waiver" is not "independent" and is plainly part of the same paragraph as the arbitral provisions already found to be unenforceable by the Second Circuit. *See, Moss v. First Premier Bank*, 835 F.3d 260 (2d Cir. 2016). Moreover, divorced from arbitral provisions, class action waivers will not be enforced where their terms are found to be substantively unconscionable. *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 392 (E.D.N.Y. 2015). Additionally, the agreements at issue involve an illegal subject matter and the entirety of the contract (including the class action waiver provision) is thus, *void ab inito*. *See, Riverside Syndicate, Inc. v. Munroe*, 10 N.Y.3d 18, 24, 853 N.Y.S.2d 263, 266, 882 N.E.2d 875, 878 (2008) ("The agreement is void as to both parties, and neither party is entitled to rely on it.") In any case, this provision is clearly a common legal issue for all class members. Neither of the issues First Premier seeks to raise are likely to prove dispositive so there is no reason to further delay the full discovery to which Plaintiff is plainly entitled and has been waiting for more than five years to conduct.

*First Premier's Request to Brief Bifurcation Motion*. Plaintiff does not believe that additional briefing on the bifurcation issue is necessary. The Court has had briefing and heard argument on this issue at least twice before and additional briefing will do little to further frame the issue for the Court. First Premier's position is that bifurcation is an important issue worthy of briefing beyond three-page letters. While First Premier has preserved and previously raised its bifurcation request, the Court has never ruled on the request and previously indicated that briefing on the issue would be permitted. (*See* Doc. 167:3 at 28:20-31:7 ("Yes, this is complicated and I would give you much longer briefs. . . .").) First Premier respectfully requests that opportunity.

---

[1] Plaintiff disputes that she ever lost standing to pursue her claims insofar as she had multiple loans from the entities that were parties to the FTC settlement and the cover letter Plaintiff received fom the FTC explicitly described the amount she was receiving as "a *partial refund* for illegal finance fees that you were charged…." (emphasis added) and that payments made by another entity on an entirely different loan are irrrelevant to Plaintiff's claim against First Premier premised on the only loan for which First Permier debited her account.  First Premier's position is that it cannot evaluate Ms. Moss's argument until it has the partially quoted document and related discovery into the amounts received from third parties, including the funds Ms. Moss received in settling with Bay Cities Bank.

Hon. Gary R. Brown
June 11, 2019
Page 4

                          Sincerely,

                          By  *s/ Darren T. Kaplan*
                              Darren T. Kaplan, Kaplan Gore LLP

                          By  *s/ Bryan R. Freeman*
                              Bryan R. Freeman, Maslon LLP

cc:    All Counsel of Record (via ECF)