

1359 Broadway • Suite 2001
New York • NY • 10018
Phone: 212.999.7370, ext. 101
Fax : 404.537.3320
dkaplan@KaplanGore.com

October 17, 2019

**Via ECF**
Hon. Gary R. Brown, U.S.M.J.
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

Re.: *Moss v. BMO Harris Bank, N.A. et al*, Case No. 13 CV 5438 (ERK)(GRB)

Dear Judge Brown:

      This law firm represents Plaintiff Deborah Moss ("Moss") in the above-captioned matter. I write pursuant to Local Civil Rule 37.3 and your Individual Practice Rule III(B), to raise a discovery dispute with the Court. I certify there have been good faith attempts to resolve this dispute prior to seeking judicial resolution in conformity with Fed.R.Civ.P. 37(a)(1).

      **Description of Action:**  This is a putative class action against First Premier Bank ("FP") alleging a RICO conspiracy in which FP originated banking transactions through the ACH network on behalf of a group of illegal payday lenders in order to collect unlawful debts in violation of 18 U.S.C. § 1962. (Doc. 173)

      **Discovery Dispute:** The discovery dispute concerns FP's refusal to provide *any* documents or information in response to Moss's Document Request No. 5, served on July 19, 2019. Pursuant to Local Civil Rule 37.1, the document request, and FP's response thereto (served on September 3, 2019) is set forth verbatim and included as Appendix A. In summary, Document Request 5 seeks the records of FP's ACH transactions on behalf of the identified payday lenders and FP's specific objection is that producing any of this information in redacted form would be an "undue and disproportionate burden."[1]

      **Standard of Review:** The current version of Rule 26 defines permissible discovery to consist of "information that is, in addition to being relevant to any party's claim or defense, also proportional to the needs of the case. … Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460 at *35 (S.D.N.Y. Feb. 16, 2016) (quotations omitted). "Proportionality and relevance are conjoined concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Id.* at *43 (quotations omitted).

---

[1] FP's responses also included twenty-one improper "General Objections" to "each and every" document request. Such general objections violate Rule 34(b)2(B)'s specificity requirement. *See Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).

## Kaplan Gore LLP

Hon. Gary R. Brown, U.S.M.J.
October 17, 2019
Page 2

"The party seeking discovery bears the initial burden of proving the discovery is relevant,[2] and then the party withholding discovery on the grounds of burden, expense … bears the burden of proving the discovery is in fact … unduly burdensome and/or expensive." *N. Shore-Long Island Jewish Health Sys. v. Multiplan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018) (quotations omitted).

As for electronically stored data, the official notes to Fed. R. Civ. P. 26(b)(2) provide several enumerated factors for determining whether the requesting party may obtain the discovery even if the information is not reasonably accessible:

> Once it is shown that a source of electronically stored information is not reasonably accessible, the requesting party may still obtain discovery by showing good cause, considering the limitations of Rule 26(b)(2)(C) that balance the costs and potential benefits of discovery. The decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case. Appropriate considerations may include: (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

**Meet and Confer Sessions:** Attorneys for Moss met and conferred by telephone with FP's counsel regarding its refusal to produce information responsive to Request 5 on September 12, and again on September 25. Despite the burden being on the party withholding discovery, FP has never offered to provide any evidentiary proof in support of its contention that production of the ACH transaction data Moss seeks would be unduly burdensome.[3] Left to probe the veracity of FP's response to Request No. 5 on her own, Moss noticed the deposition of "Matt Keiper" (*see,* Exhibit "A"), the only witness FP identified as "ha[ving] knowledge regarding the way in which ACH data has been maintained and stored over the years, as well as software used in connection therewith," (*see* page 6 of FP's responses to Plaintiff's Interrogatories annexed as

---

[2] Despite FP's form "relevancy" objection, there is no good faith argument that the records of the specific ACH transactions in which the unlawful debts were collected are anything other than highly relevant.

[3] FP claims in its interrogatory responses that its ACH "[d]ata cannot be sorted by Originator" (Answer to Interrogatory 9 in Exhibit "B"), but that is not the whole answer. So long as the information is contained in the database, either Moss or FP can "… create programming code to select the desired fields of information." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 302 (S.D.N.Y. 2012). Further, were the information sought somehow not actually retrievable from its servers, FP "cannot seek to preclude plaintiff from pursuing discovery based on a record-keeping system that is plainly inadequate." *Pom Wonderful Ltd. Liab. Co. v. Coca Cola Co.*, 2009 U.S. Dist. LEXIS 134369, at *7 (C.D. Cal. Nov. 30, 2009) (citing, *Wesley v. Muhammad*, 2008 U.S. Dist. LEXIS 74342 (S.D.N.Y. 2008)).

## Kaplan Gore LLP

Hon. Gary R. Brown, U.S.M.J.
October 17, 2019
Page 3

Exhibit "B"), notwithstanding that FP is still continuing to produce responsive information.

Six days before the deposition, FP unilaterally sought to foreclose Moss from conducting a later deposition of Keiper on any matters yielded by documents that have yet to be produced. Moss's counsel would not agree to this improper limitation and offered to re-notice the deposition as a single issue 30(b)(6) deposition. However, FP still refused to agree to a potential second deposition of Keiper. Left with no other choice, Moss's counsel cancelled the Keiper deposition. (*See* email correspondence annexed at Exhibit "C.")

**FP Should be Compelled to Produce the Requested Information:** FP contends that the information Moss requests "is archived in a program called OnBase." OnBase is an information platform commonly used in the financial services industry to electronically store records. *See* https://www.onbase.com/en/product/platform-capabilities/enterprise-content-management/onbase-ecm-functionality/managing-documents. FP's assertion that information electronically stored in OnBase is now inaccessible is exceedingly suspect; FP was able to extract Moss's ACH transaction information when it chose to. (*See* documents annexed as Exhibit "D.") Certainly, FP has offered no evidence supporting its contention of inaccessibility.

Further, FP's response to Request No. 5 indicates that the need to *redact* non-relevant data is what actually makes the production particularly burdensome ("Because these documents include high volumes of personal financial information … any pages that did not meet the criteria would need to be redacted to ensure only the relevant data is visible"). Nevertheless, "[w]here redaction would be unduly burdensome and yet either a party or a court would benefit from a review of the unredacted version of the documents, a sealing order … would be appropriate." *Ruggles v. Wellpoint, Inc.*, 2010 U.S. Dist. LEXIS 153118, at *53 (N.D.N.Y. Dec. 28, 2010.) A Confidentiality Order has already been entered in this case in November 2017, which should be sufficient to protect the unredacted information. *See*, e.g., *Conopco, Inc. v. Wein*, 2007 U.S. Dist. LEXIS 53314, at *9 (S.D.N.Y. July 23, 2007) ("The financial information retrieved shall, however, be subject to the Confidentiality Order entered in this action.")

FP also contends that because Moss is seeking to extract information from the OnBase platform, "the Request asks Defendant to create documents or information or make calculations for Plaintiff." However, while "a party should not be required to create completely new documents, that is not the same as requiring a party to query an existing database for relevant information. Courts regularly require parties to produce reports from existing databases, holding that the technical burden of creating a new dataset for litigation does not excuse production." *N. Shore-Long Island Jewish Health Sys.*, 325 F.R.D. at 51 (quotations and citations omitted).

Moss requires the information sought in Request No. 5 not only to determine damages and establish that many of Fed. R. Civ. P. 23's requirements can be met but also to demonstrate that the putative class is "ascertainable," i.e. whether the class is "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015). Moreover, Moss needs this information before she can begin third-party discovery, which would allow her to further ascertain and identify the putative class members by obtaining borrowers' addresses and full transaction histories with the payday lenders, either from federal agencies that obtained the payday lenders' records, or from the borrowers' depository banks.

**Kaplan Gore LLP**

Hon. Gary R. Brown, U.S.M.J.
October 17, 2019
Page 4

      Moss respectfully requests that the Court compel FP to provide the information sought in Document Request No. 5.

Respectfully,

Darren T. Kaplan

Enclosure

cc:    All Counsel of Record (via ECF)