```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DEBORAH MOSS, on Behalf of Herself and
All Others Similarly Situated,

                        Plaintiff,

        -against-                                              ORDER
                                                               CV 13-5438 (ERK)(AYS)
FIRST PREMIER BANK, a South Dakota
State-Chartered Bank,

                        Defendant.
----------------------------------------------------------X
```

**SHIELDS, ANNE Y., United States Magistrate Judge:**

Plaintiff, Deborah Moss ("Plaintiff" or "Moss"), commenced this putative class action on September 30, 2013, alleging a conspiracy in violation of the Racketeering Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, wherein Defendant, First Premier Bank ("Defendant" or "First Premier"), is alleged to have knowingly originated millions of dollars in debits from borrowers' bank accounts through the Automatic Clearing House ("ACH") banking network on behalf of a group of illegal payday lenders – the "Tucker Payday Lenders" – to collect unlawful debts.

Presently before the Court is Defendant's motion for reconsideration of the rulings placed upon the record during the conference held on February 11, 2021, in which the Court denied Defendant's motion for a protective order and to compel. For the following reasons, the Court grants Defendant's motion for reconsideration and, upon reconsideration, adheres to its prior rulings.

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the court. See Hunt v. Enzo Biochem, Inc., No. 06 Civ.

1

170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Id. at *1 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 317 (S.D.N.Y. 1999).

Motions for reconsideration are properly granted if there is a showing of "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. National Media Bd., 956 F. 2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See Nowacki v. Closson, No. 99-CV-975, 2001 WL 175239, at *1 (N.D.N.Y. 2001) (citations and quotation marks omitted); see also Almonte v. City of Long Beach, No. CV 04-4192, 2005 WL 1971014, at *1 (E.D.N.Y. 2005). The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Almonte, 2005 WL 1971014, at *4 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)).

Here, Defendant seeks to reconsider the Court's ruling with respect to its motion for a protective order on the grounds that the Court did not properly apply the proportionality standard in Federal Rule of Civil Procedure 26 when it denied Defendant's motion and directed Defendant to produce voluminous ACH data to Plaintiff. However, Defendant already made this same argument in its initial motion for a protective order, which the Court considered and rejected.

2

Moreover, Defendant now seeks to introduce a plethora of caselaw on this issue that was not put before the Court initially. Such cases are not decisions that the Court overlooked. They are simply cases Defendant either chose not to, or failed to, include in its initial motion. "[A] party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) (quoting Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994)) (alterations in original).

Defendant also seeks to reconsider the Court's ruling with respect to the redaction of consumer names and bank accounts in connection with the production of ACH data. As the Court stated in its initial ruling, such redaction is not necessary because there is a confidentiality order in place already in this action. Defendant seeks to revisit this ruling by offering the same arguments it already presented in its initial motion, which is strictly prohibited on a motion for reconsideration. See Giordano . Thomson, No. 03-CV-5672. 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("This Court cannot merely consider the same arguments that were previously submitted.").

Finally, Defendant seeks to reconsider the Court's ruling with respect to its motion to compel information from Plaintiff regarding a prior settlement with Bay Cities Bank. As the Court previously held, this same application was already denied by Judge Brown when he was the magistrate judge assigned to this action. Defendant did not move to reconsider that decision; nor did it appeal that decision to the District Court at the time. For these reasons, this Court also denied Defendant's motion to compel such information. Now, Defendant seeks to have the Court reconsider its order, asserting that the facts and circumstances of this litigation have

3

changed since Judge Brown denied Defendant's motion in 2018. However, this is the exact same argument Defendant offered to the Court in connection with its initial motion to compel, which the Court considered and rejected. Again, Defendant has not offered any factual matters or controlling decisions of law that the Court overlooked in rendering its prior decision. "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). That is precisely what Defendant is seeking to do here – reargue a motion it has already lost.

Based on the foregoing, the Court grants Defendant's motion for reconsideration and, upon reconsideration, adheres to the rulings rendered on February 11, 2021. To the extent Defendant's motion seeks clarification of the Court's February 11, 2021 Order, it appears that application is moot in light of Plaintiff's agreement to Defendant's terms of production, as set forth in Plaintiff's Memorandum of Law in opposition to the within motion. (Pl. Mem. of Law in Opp'n 5.)

**SO ORDERED:**

Dated: Central Islip, New York
       March 18, 2021

                                               /s/ Anne Y. Shields
                                               ANNE Y. SHIELDS
                                               United States Magistrate Judge