UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEBORAH MOSS, on Behalf of Herself and
All Others Similarly Situated,

                        Plaintiff,

    -against-                                   **ORDER**
                                                    CV 13-5438 (ERK)(AYS)
FIRST PREMIER BANK, a South Dakota
State-Chartered Bank,

                        Defendant.
-----------------------------------------------------------X

**SHIELDS, ANNE Y., United States Magistrate Judge:**

        The parties to this action contacted chambers concerning a discovery dispute with respect to certain requests for production and interrogatories served on Plaintiff by Defendant. After receiving position letters from both parties, a telephone conference regarding the discovery dispute was held. Having considered the parties' positions, as well as counsels' argument during the telephone conference, the Court makes the following rulings:

- **As to Interrogatories 11-14 and 22-27:**

        Plaintiff's objection to these interrogatories are sustained and the interrogatories need not be responded to as posed. Essentially, Defendant is seeking, by way of several broad contention interrogatories, a legal brief that will be presented in the event that Defendant moves for summary judgment. While contention interrogatories are not per se prohibited by Rule 33 of the Federal Rules, or the Local Rules of the Eastern District, the Court finds that responding to the interrogatories at issue is not required here on the ground that pursuing discovery in this broad way is inconsistent with Rule 1 of the Federal Rules of Civil Procedure, which requires

that the Rules be construed to secure the just, speedy and inexpensive determination of every action and proceeding.

While Plaintiff need not respond to these interrogatories, Defendant may inquire as to the <u>factual matters</u> raised in these interrogatories at Plaintiff's upcoming depositions. However, such inquiry is limited to discovery of facts that are within Plaintiff's knowledge and shall not extend to legal conclusions of any matter as to which Plaintiff lacks knowledge. Obviously, Defendant may not inquire as to matters covered by privilege. To the extent particular issues arise as to the permissibility of questions, the parties may call the Court for rulings.

- **As to Interrogatories 28-30:**

The same ruling above applies to Interrogatories 28-30. Since these interrogatories are somewhat more limited, the Court can rule clearly at this time that Defendant may ask Plaintiff, at her deposition, to identify any internal policies, of which she has knowledge, that she contends were violated. If Plaintiff knows the answer to these questions she will respond.

- **As to Request for production 27:**

The request for litigation funding documents, to the extent that they exist (and Plaintiff states that they do not), is denied as irrelevant. The Court disagrees with the contention that any such documents are relevant to Plaintiff's credibility, or her ability to serve as a class representative.

- **As to request for production number 9:**

Defendant points out (and agreed during the conference) that this request seeks no more than production of documents covered by Plaintiff's affirmative obligations to produce documents pursuant to Rule 26. To the extent that Plaintiff fails to comply with her obligations

2

under the Rule, Defendant may move, by <u>in limine</u> motion, if appropriate, to preclude the use of documents at trial consistent with the rules of the trial court.

- **As to Request for Production 23:**

It is clear that any statements regarding Plaintiff's need to pay her son's tuition were made to apprise the Court of the background of her case. The request to produce documents regarding this issue is <u>denied</u> as outside of the scope of discovery.

- **Request 32 and Interrogatory 33:**

Defendant contends that this Interrogatory was previously ruled on by Judge Brown. Having reviewed the transcript of the oral argument before Judge Brown, the Court agrees with Defendant. Judge Brown ruled on this issue in favor of Defendant and directed Plaintiff to produce the requested documents. Under the Federal Rules of Civil Procedure, Defendant has an obligation to supplement that production during the course of the action. Accordingly, the request to produce the documents requested and respond to the Interrogatory is granted.

**SO ORDERED:**

Dated: Central Islip, New York
       May 12, 2021

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge