

2727 Paces Ferry Road SE
One Paces West, Suite 750
Atlanta, Georgia 30339

1979 Marcus Ave, Suite 210
Lake Success, New York 11042

**Darren T. Kaplan**
404.537.3300, ext. 101
212.999.7370, ext. 101
404.537.3320 (fax)
dkaplan@kaplangore.com
*Admitted in CT, GA, and NY*

<u>Via ECF</u>

August 10, 2021

Hon. Anne Y. Shields, U.S.M.J.
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE:   *Moss v. First Premier Bank*, Case No. 2:13-CV-05438-ERK-AYS
Motion for Scheduling Conference as Required by Scheduling
Order of July 13, 2021

Dear Magistrate Judge Shields:

I am counsel for Plaintiff Deborah Moss in the above matter. Judah Druck is counsel for Defendant First Premier Bank. Pursuant to the Parties' Proposed Discovery, Settlement Conference, and Motion Schedule (ECF No. 276) and the Court's Scheduling Order of July 13, 2021, entering the same, the Parties hereby state their respective positions on the case schedule, as the FTC has not yet produced any of the subpoenaed information or data.

*Plaintiff's Position*

On July 12, 2021, this Court entered an Order approving the parties' proposed Discovery, Settlement Conference, and Motion Schedule. That schedule was concerned primarily with expert discovery with a deadline of October 29, 2021, to complete expert discovery. The proposed discovery schedule contemplated delivery of certain data Plaintiff had subpoenaed from the Federal Trade Commission by August 2, 2021, which one of Plaintiff's experts required in order to complete his report.[1] To date, the FTC has not delivered that data but has indicated it intends to do so. A complicating factor is the FTC Office of General Counsel's view that the data sought cannot be disclosed without notice to all affected individuals under the Privacy Act of 1974. Per the FTC General Counsel, 140,976 individuals met Plaintiff's description of putative class membership and thus would need to be noticed. Further, the FTC believes as many as 40% of those receiving notice would then seek additional information from the FTC.

---

[1] Following the filing of the proposed schedule, it became evident that Plaintiff's other expert, Cathy Glassman, also may have needed to review some of the FTC data in order to opine on Plaintiff's contemplated formula for computation of damages. The litigants have resolved that issue and Ms. Glassman's initial report has now been served with a potential subsequent report limited solely to damages to follow.

As the Court is aware, under *Touhy* and its progeny, litigation over compulsory process with a federal agency is generally lengthy and uncertain. Thus, an attempt to obtain an order from a U.S. District Court compelling the FTC's compliance with the subpoena might do little to expedite the process. Moreover, so long as the FTC appears willing to comply with the subpoena without adversarial litigation, Plaintiff's counsel is reluctant to adopt a more aggressive posture.

With this in mind, Moss suggests a solution that can advance expert discovery while deferring the delivery of FTC data until a later point in this litigation. Plaintiff proposes that the FTC provide the litigants with a detailed description of the data it is prepared to turn over rather than the data itself. That description could also include an electronic spreadsheet "null data" file that would replicate the form the FTC's data production would take but would not contain actual data values in the spreadsheet cells. Plaintiff's expert could then incorporate that description into his report and explain how the FTC's data *could* be used to: (1) identify class members; (2) provide notice to the class and (3) compute class member damages. Plaintiff's other expert could then opine on the propriety of that damage computation. Production of the FTC's actual data would await an order granting class certification.[2]

There would need to be a modest extension of the expert discovery schedule in order to allow the FTC to comply with this solution, but nothing like what would be required were the actual FTC data to be disclosed.

Plaintiff's counsel is reasonably confident that the FTC General Counsel will agree to this proposal since it saves all sides significant time and expense and is a reasonable solution to the current situation. However, before presenting this solution to the FTC, Plaintiff wishes to present it to the Court since without the Court's approval, the proposal is a dead issue.

*Defendant's Position*

On June 29, 2021, Defendant explained that it would not join Plaintiff's motion requesting an extension to the then-operative schedule, including because (1) there is no reason to delay expert discovery, as Moss's data expert has been in possession of First Premier's ACH data for nearly four months; (2) that it was likely that the FTC data would not be provided within the thirty days requested by Moss; (3) that another extension would prolong motion deadlines and continue to delay class certification and summary judgment briefing; and (4) that an extension would likely prejudice First Premier because of the discovery it may need from the FTC once it produces the information subpoenaed by the Parties. (ECF No. 272.)

---

[2] Were the Court to deny Plaintiff's motion for class certification, then the FTC data issue would be moot.

Hon. Anne Y. Shields, U.S.M.J.
August 10, 2021
Page 3

As fact discovery deadline has now passed and the FTC has yet to produce any information—and appears it will not do so until additional steps of unknown duration are taken—First Premier's concerns remain and First Premier therefore respectfully repeats its prior position that it is unwilling to join any additional request for an extension of the operative Scheduling Order at this time, but that if the schedule were to be extended again, it should specifically account for First Premier's opportunity to obtain necessary responsive and rebuttal information and evidence from the FTC or otherwise, as set forth in the most recent schedule.

The parties request a telephone conference at the Court's earliest convenience to further discuss this issue and to answer any questions the Court may have.

Respectfully,

Darren T. Kaplan, Kaplan Gore LLP

Judah A. Druck, Maslon LLP

cc: All Counsel of Record