

**Bryan Freeman**
**Direct Dial: (612) 672-8375**
bryan.freeman@maslon.com

January 11, 2022

**VIA ECF ONLY**
Hon. Edward R. Korman, United States District Court Judge
Hon. Peggy Kuo, United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201-2776

Re:     *Moss v. First Premier Bank*, No. 13-cv-5438 (E.D.N.Y.)

Dear Judge Korman and Magistrate Judge Kuo:

First Premier Bank ("First Premier") writes in response to Plaintiff Deborah Moss's ("Moss") January 11, 2022 letter in which Moss moves the Court to alter the schedule to stay all briefing of dispositive motions until after class certification is ruled upon. (ECF No. 298.)

Moss's motion arises from the fact that on January 4, 2022, the day after the close of all discovery and consistent with the Court's September 12, 2021 Scheduling Order, First Premier served its Motion for Summary Judgment and Rule 56.1 Statement, together with its Opposition to Moss's Motion for Class Certification, *Daubert* Motions, and Motion to Strike, seeking to exclude certain evidence relied on in the Class Certification Motion. For efficiency, First Premier submitted one set of declarations referenced in these submissions. (ECF No. 297 (service letter).)

Moss now asks the Court to change the existing schedule and stay pending briefing on First Premier's Summary Judgment Motion, which would have the effect of preventing the Court from considering First Premier's Motion together with Moss's Motion for Class Certification.

**1.   Moss's Request Is Directly Contrary To The Motion Schedule.**

Moss's position is directly contrary to the scheduling order requiring all dispositive motions, including class-certification motions, to be commenced by January 31, 2022. Moss's requested change to the scheduling order would prejudicially deny First Premier its right to submit its Summary Judgment Motion on issues that are intertwined with class-certification, consistent with the Supreme Court's recognition that class certification involves issues that overlap with the merits. As explained below, First Premier asks the Court to deny Moss' request to stay summary judgment briefing and direct the parties to agree to a briefing schedule on all pending motions.

In serving its Summary Judgment and *Daubert* Motions, First Premier has done exactly what is required under the schedule. The Court's September 23, 2021 Scheduling Order adopted "[t]he Parties' proposed schedule," which provided: "Any party seeking to make a dispositive motion,

January 11, 2022

including a class-certification motion, or *Daubert* motion, shall initiate that process, consistent with Judge Korman's Individual Rules, on or before January 31, 2022."[1] (9/23/21 ECF Text Order (adopting ECF No. 284).) This is how the schedule has been structured since July 2019, when the Court denied First Premier's motion for bifurcation of the schedule into class-certification and class merits phases and entered a non-bifurcated scheduling order establishing a deadline for all dispositive motions, "including class certification motions," following one phase for completion of fact discovery and "all expert discovery." (ECF No. 191, 192.)

Moss had not expressed any concerns about concurrently briefed Summary Judgment and Class Certification Motions until last Friday, January 7, 2022. On the contrary, Moss repeatedly agreed to this structure of the schedule (*See, e.g.*, ECF Nos. 191, 241, 284), and indeed opposed First Premier's attempts in July of 2019 to bifurcate. (ECF No. 189, 191; *see also* ECF No. 192.) Moss does not show good cause for upending the schedule mid-stream, after First Premier has already initiated its Motion, relied on the schedule, and invested substantial resources to do so.

Moss argues, nevertheless, that she "intended" and "expect[ed]" her Class Certification Motion to be resolved prior to and independently of First Premier's Summary Judgment Motion, citing the fact that she served her Motion on September 29, 2021. The facts contradict this assertion.

It was obvious when Moss served her Motion for Class Certification in the middle of expert discovery that First Premier would not be in a position to respond to Moss's Motion until after completion of expert discovery. Moss expressly relied on the expert reports of Arthur Olsen and Cathy Glassman, as well as the Declaration of Burke Kappler, in moving to certify a class. (Pl.'s Class Cert. Br. at 3-5, 7, 9, 11-13, 16, 18, 29; Kaplan Decl., Exs. 9 & 8.) But when Moss served her Motion, First Premier had not yet prepared and served its responsive expert reports from Carlyn Irwin and Victor Stango—both of which were disclosed to Moss as scheduled on November 11, 2021. First Premier deposed Glassman and Olsen, and Moss deposed Stango and Irwin, consistent with the expert discovery schedule between November 19th and December 16th. First Premier relied on these experts' reports and deposition transcripts substantially in its Opposition to Plaintiff's Motion for Class Certification and in its related *Daubert* Motions.[2] The fact that expert depositions had to be completed prior to First Premier's Class Certification

---

[1] In light of these deadlines in the proposed schedule, and the Court's adoption of the schedule, it unclear why Moss represents that "the Scheduling Order did not set a deadline to file class certification" and that "[n]o dates for . . . *Daubert* motions have been set." This is not correct.

[2] Moss questions First Premier's inclusion of the expert reports of Elliott McEntee—the former president and CEO of NACHA. The reason those reports were included is clear from First Premier's papers. First Premier has moved to exclude the opinions of Moss's expert Cathy Glassman. One of the subject reports is a rebuttal report responding to McEntee. The only place McEntee's reports are cited, for context, is the Glassman *Daubert* brief.

January 11, 2022

Opposition was not a surprise. In fact, the Parties agreed to a briefing schedule based upon allowance for these expert depositions. There can be no claim of prejudice or surprise by Moss.

**2.   A Stay Would Prejudice First Premier.**

First Premier is fully within its rights in seeking summary judgment after the close of discovery. This case has been ongoing for more than eight years. Up until now, Moss has been able to argue her case based on allegations and pleadings. But discovery is over, and Moss now must justify her claim and allegations with evidence—evidence that First Premier contends is lacking such that there is no genuine issue of material fact for trial. First Premier should not be forced to wait further to present these deficiencies to the Court and seek summary judgment.

It is fully proper for the Court to consider and rule on First Premier Summary Judgment Motion, before Moss's Class Certification Motion, if the Court chooses to do so. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) ("The decision to award summary judgment before acting on class certification [is] well within the discretion of the trial court."); *Adames v. Mitsubishi Bank, Ltd.*, 133 F.R.D. 82, 87 n.1 (E.D.N.Y. 1989) ("There is nothing in Rule 23 to preclude the Court from examining the merits of plaintiffs' claims on a proper . . . Rule 56 motion simply because such a motion is returnable contemporaneously with a class motion."); Manual for Complex Litigation (Fourth) § 21.133 (2004) (noting that a "court may rule on motions pursuant to Rule 12, Rule 56, or other threshold issues before deciding on certification," and that "[m]ost courts agree . . . such precertification rulings . . . are proper"). Courts regularly rule on dispositive motions and decline to reach class-certification. *See, e.g., In re Starbucks Empl. Gratuity Litig.*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009); *Rabin v. Mony Life Ins. Co.*, No. 06 Civ. 775(LTS)(KNF), 2009 WL 4060978, at *6 (S.D.N.Y. Nov. 19, 2009).

First Premier's Summary Judgment Motion raises numerous dispositive deficiencies in Moss' RICO conspiracy claim that the Court should at least have the opportunity to consider, before deciding whether to rule on class certification before summary judgment. First Premier's Motion argues that: (i) Moss's claim is barred by the statute of limitations; (ii) there is no genuine issue of material fact on the agreement element of her RICO claim; (iii) there is no genuine issue of material fact as to First Premier's alleged knowledge of Tucker's criminal endeavor, separately addressing each of Moss's four knowledge theories; (iv) there is no genuine issue of material fact as to First Premier's alleged knowledge that the five "Tucker Lenders" were a single RICO enterprise perpetrating a sham tribal-lending scheme; (v) Moss cannot legally impute corporate knowledge or an agreement to First Premier; and (vi) Moss cannot establish proximate causation.

Moss's attempt to halt briefing on First Premier's Motion for Summary Judgment also prejudices First Premier because First Premier has relied on the structure of the schedule that allowed its Summary Judgment Motion to be submitted at the same time as its Class Certification Opposition. The Supreme Court has made clear that class certification requires a "rigorous analysis" that goes beyond the pleadings and frequently entails "overlap with the merits of the plaintiff's underlying claim," making it "necessary for the court to probe behind the pleadings

January 11, 2022

before coming to rest on the certification question." *Comcast*, 569 U.S. at 33-34 ("[C]lass determination generally involves considerations that are enmeshed in the factual and legal issues" comprising plaintiff's claim). This is precisely the case here, and First Premier's Summary Judgment Motion provides important context and support for its Class Certification Opposition. These two crucial motions must be considered in tandem.

**3. First Premier's Briefing Is Proportional To Moss's RICO Claim In This Case.**

Moss complains about the number and length of First Premier's submissions. First Premier's submissions are necessary and proportional. Moss's claim in this case is that First Premier agreed to enter into a criminal conspiracy to violate RICO, knowingly engaged in the "Tucker Payday Lenders" tribal payday-lending scheme, and caused the ACH debiting of approximately $245 million from the accounts of putative class members' in 12 states and D.C. which she claims should be trebled to $725 million in class-wide damages. (Pl.'s Class Cert. Br. at 13.)

Moss's Class Certification Brief was 40 pages, with an additional 10-page "Trial Plan" and three appendices. Moss also intends to file a 20 page reply brief, for a total of 60 pages. First Premier's Opposition is 53 pages,[3] with a state-law appendix. Even if First Premier were to request and was granted leave to serve a sur-reply, the total pages on each side will not be imbalanced. First Premier had to file *Daubert* Motions concerning Moss' two experts and a Motion to Strike the Kappler declaration along with its Class Certification Opposition because Moss' Class Certification Motion relies on these materials. That leaves First Premier's 51-page summary judgment brief. As described above, that brief addresses a number of important dispositive issues, and First Premier has striven to avoid unnecessary length. The cross-references in the briefing is meant to provide helpful context to the Court. In addition, there is nothing confusing about the evidence relied on in the submissions; the briefs include detailed citations to the record.

*If the Court has any concerns about the length of First Premier's briefs, we ask to submit them so the Court can review them in the context of Plaintiff's request for a stay.* We fully believe the briefs avoid duplication, are well supported, and say what they need to say—no less, no more.

**4. Moss's Proposed Stay Of Summary Judgment Briefing Would Cause More Unnecessary Delay, Inefficiency, And Process**

Moss asks the Court to stay further summary judgment briefing, rule on class certification and then provide direction as to the process for dispositive motions, which would entail future briefing time and additional time for decision. None of this is necessary. Discovery is complete,

---

[3] Moss incorrectly suggests First Premier was bound to Moss's proposed pages for First Premier's Opposition brief. First Premier and Moss did not negotiate agreed upon page limits for the briefs because that is not required under the Court's Individual Rules.

January 11, 2022

and there is no obstacle to the Parties' completing briefing on dispositive motions as scheduled.

There are various ways the Court may handle the Motions. The Court could elect to rule on First Premier's Motion for Summary Judgment first, and if it does so and were to grant the Motion, this case would be over and the Court would not need to reach any other motions. Alternatively, the Court could elect to rule on Class Certification first, and depending upon that ruling, proceed as appropriate to rule on summary judgment without delay and additional process. But neither of these options are even possible under Moss's approach. On the flip side, nothing is lost by requiring Moss to fully brief summary judgment now. Indeed, completing all briefing gives the Court maximum flexibility to consider the Motions in the way it determines to be most efficient.

**5.   Moss's "One Way Intervention" Concerns Are Unfounded.**

Finally, Moss's "one-way" intervention concern is without basis. In moving for summary judgment, First Premier provides the the Court with the opportunity to rule on that Motion before reaching class certification. If that were to take place, the summary judgment ruling would only bind Moss. First Premier understands that and is well within its rights to bring its Motion.

Moss's apparent plan is to bring an affirmative summary judgment motion, the basis of which Moss could not explain to First Premier with any detail and which Moss still does not explain to the Court, weeks before the January 31, 2022 deadline. Moss has told First Premier that it must either waive any one-way intervention objections with respect to Moss's affirmative summary judgment motion or First Premier may not bring its summary judgment motion. As an initial matter, the two motions need not be decided at the same time.

Moreover, the one-way intervention concerns between plaintiffs and defendants are not equivalent. First Premier chose to allow putative class members to evaluate the result of its Summary Judgment Motion if a class were to be certified, which is an entirely different prejudice analysis than allowing putative class members to have the benefit of a ruling on Moss's planned summary judgment motion before deciding whether to opt out. First Premier asked Moss' counsel to explain the grounds upon which it would seek summary judgment so it could evaluate whether to waive any one-way intervention concerns regarding Moss' motion, but, as confirmed in her letter to the Court, Moss has not done so. To address a concern raised by Moss's counsel, First Premier has already told them that to the extent merits issues overlap with class-certification issues and are necessarily decided by the Court as a result of ruling on Moss's Motion for Class Certification, First Premier would not raise one-way intervention objections with respect to those rulings—meaning that if a class were certified, First Premier would not object to the fact that potential class members could review the class-certification ruling before deciding to opt out. First Premier believes that the proper procedure is for Moss to commence any dispositive motions she has by January 31, 2022, for Moss's motion to be briefed, and that if any such motion remains relevant after a ruling on Moss's Motion for Class Certification, the Court may refrain from ruling until after the notice and opt-out period.

MASLON LLP   3300 WELLS FARGO CENTER   |   90 SOUTH SEVENTH STREET   |   MINNEAPOLIS, MN 55402-4140   |   612.672.8200   |   MASLON.COM

January 11, 2022

**6.   Briefing Schedule.**

As for the briefing schedule for the Motions, Moss had not proposed any briefing schedule until it provided a copy of its letter on January 10th. There is no need for the Court to decide upon an appropriate briefing schedule—the Parties can confer and agree on a schedule once the Court rules on Moss' threshhold request to change the schedule and stay dispositive-motion briefing.

We thank the Court for its attention to this matter, and ask that briefing on First Premier's Motion for Summary Judgment promptly proceed forward as scheduled.

Respectfully,

*/s/ Bryan R. Freeman*

Bryan R. Freeman

cc:   All Counsel of Record (via ECF)